# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| GLEN SPRADLING, | ) | |
| | ) | Case No. 3:19-cv-306 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| DILLON JACKSON and CALEB GERDING, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendants' motion for summary judgment in their favor due to Plaintiff's failure to exhaust his administrative remedies for the claims in his complaint as the Prison Litigation Reform Act ("PLRA") requires[1] (Doc. 18). In support of their motion, Defendants filed a statement of material facts (Doc. 19), a memorandum (Doc. 20), and an affidavit of the Chief Deputy of the Claiborne County Sheriff's Office (Doc. 20-1). Plaintiff has not filed a response, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Thus, Plaintiff has waived any opposition to Defendants' motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Defendants' motion (Doc. 18) will be **GRANTED**.

---

[1] Defendants also seek summary judgment based on qualified immunity. (*See* Doc. 18, at 1.) However, as the Court finds that Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies, the Court need not reach this argument.

## I.  BACKGROUND

The Court previously summarized the relevant allegations of Plaintiff's sworn complaint as follows:

> Plaintiff alleges that on July 22, 2019, he made Defendants Gurdy and Jackson aware that Defendant Lawson, an inmate, had put out a hit on him. (Doc. 1, at 4.) Defendant Gurdy had knowledge that two inmates had made a deal with Defendant Lawson in which the two inmates agreed to assault Plaintiff, and Defendant Jackson had knowledge of the planned assault. (*Id.*) However, Defendants Gurdy and Jackson allowed those two inmates out of their cells. (*Id.*) The two inmates then violently assaulted Plaintiff, causing him injuries. (*Id.*)

(Doc. 4, at 3.) Plaintiff also alleges that he filed verbal and written grievances regarding this incident that resulted in Defendant Jackson admitting fault, but that he received no relief or remedy. (*See* Doc. 1, at 2.)

## II.  STANDARD OF LAW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party bears the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In

doing so, the Court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). It must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

### III. ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Accordingly, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

In support of their assertion that Plaintiff failed to properly exhaust his administrative remedies for the incident underlying his complaint, Defendants filed the affidavit of Ron Hayes, the Chief Deputy of the Campbell County Sheriff's Office, in which Mr. Hayes avers that Plaintiff did not utilize, much less exhaust, the jail's grievance system for the incident alleged in

3

his complaint. (*See generally* Doc. 20-1.) While this statement is partially contradicted by Plaintiff's statement in his sworn complaint[2] that he filed verbal and written grievances that resulted in Defendant Jackson admitting fault (Doc. 1, at 4), Plaintiff has not come forward with specific proof from which a reasonable juror could find that he exhausted all remedies available to him, as the PLRA requires, to rebut Defendants' evidence that he did not do so. The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Thus, Defendants have met their burden to establish that no genuine issue of material fact remains as to whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, and they are entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 18) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because Plaintiff signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, it carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).